IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RAYMOND PATILLO, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:09-CV-261 (CAR) |
| | : | |
| STATE OF GEORGIA; | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS; CENTRAL | : | |
| STATE PRISON MEDICAL STAFF, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **RAYMOND PATILLO, JR.**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. STATEMENT AND ANALYSIS OF CLAIMS

In his statement of claim, plaintiff alleges that he is a "reputable business man in society, . . . a recording artist, composer, songwriter . . . of all music . . . [and] an original owner [of] Chase Manhattan." Plaintiff then states, without explanation, that "undercover officers have misconstrued evidence." Plaintiff also alleges that in 1990 he was placed on 800 mg of Thorazein (sic) and was forced to "work as an inmate teacher, impaired. This was cruel punishment." Plaintiff states that "it is evident that city, state, local law enforcement was trying to get me from out of society because of my lounge/Club Tutmania." Along with damages, plaintiff requests "reinstatement of all citizenship rights . . . [to] get [his] official liquor license back; all imposed infractions cleared; [and] expunge[] [his] record."

Plaintiff has named the State of Georgia and the Georgia Department of Corrections as defendants. The State and its agencies have immunity under the Eleventh Amendment. ***Quern v. Jordan***, 440 U.S. 332 (1979); ***Stevens v. Gay***, 864 F.2d 113 (11th Cir. 1989). The only other defendant named is "Central State Prison Medical Staff." This is not a legal entity that is subject to suit. Moreover, there is no way for the Court to identify and serve such unidentified individuals.

Any "cruel punishment" that occurred in 1990 is barred by the applicable statute of limitations; which is two years in a 42 U.S.C. § 1983 action. ***Wilson v. Garcia***, 471 U.S. 261 (1985).     Moreover, the Court also has no way of granting most of the relief that plaintiff requests. The reinstatement of rights, the grant of liquor licenses, and expunging records are not remedies that are available under 42 U.S.C. § 1983. ***Preiser v. Rodriguez***, 411 U.S. 475 (1973).

Finally, the Court, after a review of plaintiff's complaint and numerous exhibits, has determined that plaintiff's "complaint is 'fanciful,' 'fantastic' and 'delusional'." ***O'Leary v. Baker***, 2007 U.S. Dist. LEXIS 79875 at *3 (M. D. Ga. October 29, 2007). Courts have explained that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." ***Denton v. Hernandez***, 504 U.S. 25, 33 (1992). Such is the situation in this case.

      For these reasons, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

      **SO ORDERED**, this 30th day of July, 2009.

                                             S/ C. Ashley Royal
                                             C. ASHLEY ROYAL
                                             UNITED STATES DISTRICT JUDGE

lnb